Tift *vs.* Goode.

NELSON TIFT, plaintiff in error, *vs.* LORENZO D. GOODE, defendant in error.

1. When money, which has been raised out of one of the parties litigant by execution, is impounded in the hands of the sheriff to abide the final decree in a bill filed by defendant in execution, against the plaintiff in execution, and a verdict is had directing, among other things, the money to be paid to the plaintiff in *fi. fa.*, upon his "turning over to Nelson Tift, the complainant, all the papers, notes, and executions, and all other papers in said cause, on or before the next term of this Court, except those notes paid to said Lorenzo D. Goode, the plaintiff in *fi. fa.*, on the 23d of April, 1844, and whatever of these notes, executions, and judgments that were obtained on said notes, the said Goode shall fail to turn over to Tift, the amount being unsatisfied of such notes, shall be deducted from the amount of this finding," and the plaintiff in *fi. fa.* permits nearly twenty years to elapse without complying with the condition upon the performance of which his right to receive the money impounded, depends ; the complainant is entitled to an order absolute, requiring the money to be returned to him in the absence of any sufficient cause shown to the contrary, in answer to a rule *nisi*, served upon the counsel of plaintiff in *fi. fa.* : *Provided*, he will enter into bond with good security, to be judged of by the Court, for the payment of the money to the plaintiff in *fi. fa.*, if he should come forward within twelve months, and establish his right to the fund, under the terms of the verdict, by showing that he did turn over the papers as required, or that he offered to do so, and was prevented by Tift.

2. The fact that the verdict finds an amount against the complainant absolutely, which he has not paid, in addition to the money impounded, does not affect his rights, as to the impounded fund. For the amount decreed absolutely against him, the plaintiff in *fi, fa.* might, at any time, have had an execution issued.

Money rule. Equity. Decree. Execution. Before Judge CLARK. Dougherty Superior Court. June Term, 1872.

This case arose upon a motion made by Nelson Tift, that a sum of money collected out of him, as indorser, on an execution in favor of Lorenzo D. Goode *vs.* Asa Singinfield, maker, and Nelson Tift, indorser, and impounded in the hands of George W. Collier, late sheriff of Baker county, be paid over to him.

It appeared that at the June term, 1848, of Baker Superior Court, the following order was passed:

"LORENZO D. GOODE *vs.* ASA SINGINFIELD, principal, NELSON TIFT, indorser.

"*Fi. fa. from Baker Superior Court.*

"It appearing to the Court that the sheriff has collected the money on the above stated *fi. fa.*, and has the same now in his hands, raised out of the indorser, Nelson Tift; it also appearing to the Court by the bill of Nelson Tift *vs* Lorenzo D. Goode *et al.*, the amended bill, the supplement thereto, and the several answers of the defendants, all now pending in Baker Superior Court, that the question is most distinctly made whether the said Goode is entitled to have the amount of money now in the hands of the sheriff as aforesaid, or whether the complainant in said bill is entitled to retain the same, all of which is in litigation and to be settled and determined by the judgment of the Court in these cases; and it further appearing that the said Lorenzo D. Goode lives out of the jurisdiction of this Court and in the State of Kentucky, and that manifest injustice might be done to the defendant, Nelson Tift, if this money should be allowed to be paid over before the decree in said cause: It is therefore ordered that the counsel for said Goode show cause, if they have any, why said amount should not be held up in the hands of the sheriff until a final decree of this Court, and then to be paid over according to the terms of that decree."

It was admitted that this rule was made absolute.

At the April term, 1852, of the Superior Court of said county a verdict was rendered in said equity cause being in part to the effect that the money in the hands of the sheriff should be paid over to Lorenzo D. Goode, upon his "turning over to Nelson Tift (the complainant) all the papers, notes and executions, and all other papers in said cause, on or before the next term of this Court, except those notes paid to said Lorenzo D. Goode, (the plaintiff in *fi. fa.*) on April 23d, 1844, and whatever of these notes, executions and judgments that were obtained on said notes the said Goode shall fail to

turn over to Tift, the amount being unsatisfied of such notes, shall be deducted from the amount of this finding," upon which the following decree was rendered:

"NELSON TIFT *vs.* LORENZO D. GOODE *et al.*
  "*Bill in Baker Superior Court, and verdict.*

"Whereupon it is ordered, adjudged and decreed by the Court, that the defendant, Lorenzo D. Goode, do recover of the complainant, out of the goods and chattels, lands and tenements of the said complainant, the sum of $265 00; also, that all the money now in Court, raised on the Asa Singinfield note, be paid over to the said defendant whenever he shall turn over to Nelson Tift, the complainant, all the *fi. fas.* and notes which the said defendant received of said complainant, and which have not already been returned, except the five notes on Jesse Reynolds, ......... (?), and which are mentioned in the answer of one of the defendants as never having been sued because of the death of A. K. Rugg, amounting in all to about the sum of $33 00, and except, also, the notes for which the receipt of the 23d of April, 1844, was given by Shivers & Bilbo, as mentioned in the answer of complainant (?); and, also, that the complainant shall pay or cause to be paid all the costs that have accrued in the Justice's Court upon the different suits in the name of either Goode or Carpenter, and the further sum of $...... for costs in this Court, and that the clerk of this Court shall issue a *fieri facias* in accordance with this decree."

At the June term, 1859, of Dougherty Superior Court, an order was passed requiring Lorenzo D. Goode to show cause why the fund in the hands of the executors of George W. Collier, late sheriff of Baker county, amounting to $616 00, with interest from May 2d, 1845, should not be paid over to Nelson Tift, he, the said Goode, having failed to comply with the terms of said decree.

At that term of the Court, William N. Slaughter was appointed auditor in said proceeding. Slaughter died without

making any report. W. J. Lawton was appointed auditor at the June term, 1863, of said Court, but had failed to make a report up to the time of the hearing of this rule, to-wit: the June term, 1872.

Lorenzo D. Goode showed for cause why said rule should not be made absolute, as follows:

1st. That it does not appear that said Goode has failed to comply with the terms of said decree, and that Tift was injured thereby.

2d. That said decree is uncertain, ambiguous, void and impossible to be performed.

3d. That by the decree said Goode was charged with all such papers as were solvent and collectable or of any value whatever, and, after charging him with the same, a balance was decreed in his favor.

4th. That said papers were worthless and totally insolvent, and, being in judgment, a large amount of costs was due thereon, which, by the terms of said decree, said Tift was required to pay; that, on account of this failure in the said Tift to pay said costs, said Goode was unable to obtain possession of said papers without the expenditure of a large amount of money, and was thus relieved from producing them.

5th. That said Tift has never applied to said Goode for said papers, or he would have transferred and released to him all his interest in the same, and he now here offers to transfer and release to him all such interest.

Counsel for Tift demurred to this answer. The demurrer was overruled by the Court, on the ground that it did not appear that said Tift had paid the Justice Court costs due on the executions or judgments obtained on the notes directed by the decree to be turned over to said Tift.

The movant excepts to said rulings and assigns the same as error.

R. F. LYON, for plaintiff in error.

VASON & DAVIS, for defendant.

Hall *et al. vs.* English.

Montgomery, Judge.

The decision in this case, as pronounced from the bench, and which is embodied in the syllabus, together with the facts as reported, leaves little to add.

The offer of Goode to turn over at this late day papers that are now barred by the statute of limitations, which were capable of being enforced when he received them, is no compliance with the condition upon performance of which he would have been entitled to the money impounded.

Let the judgment of the Court below be reversed, with the instructions contained in the head-notes.